# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, as Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>M & S TRANSPORT, INC., an Illinois corporation,<br><br>Defendant. | FILED: MAY 6, 2008<br>08CV2592        TG<br>JUDGE DER-YEGHIAYAN<br>MAGISTRATE JUDGE KEYS |

## COMPLAINT

**NOW COME** Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, as Trustee, by their attorneys, and for their causes of action against Defendant M & S Transport, Inc., an Illinois corporation, state as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a partial withdrawal from the Central States, Southeast and Southwest Areas Pension Fund ("the Pension Fund"), a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001, *et seq*.

3. This Court has jurisdiction over this action pursuant to §§502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

4. Venue properly lies in this Court pursuant to §§502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), because the Pension Fund is administered from its principal place of business in Rosemont, Cook County, Illinois, and also based upon the terms of the forum selection clause in the Pension Fund's Trust Agreement.

## PARTIES

5. The Pension Fund is a multiemployer pension plan within the meaning of §§3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

6. Plaintiff Howard McDougall is a present Trustee of the Pension Fund, and he and his fellow Trustees are the plan sponsor of the Pension Fund within the meaning of §4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10).

7. Mr. McDougall and the Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Cook County, Illinois.

8. Pursuant to §§502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated Trustee Mr. McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

9. Defendant M & S Transport, Inc. ("M & S") is an Illinois corporation, and is an "employer" and a "party-in-interest" as those terms are defined by §§3(5) and 3(14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

10. At all times relevant, M & S was subject to a series of collective bargaining agreements executed with Local Union No. 705 of the International Brotherhood of Teamsters, under which M & S was required to make contributions to the Pension Fund on behalf of certain of its employees.

## COUNT I:
## 2004 PARTIAL WITHDRAWAL

11.     Plaintiffs adopt by reference the allegations of paragraphs 1 through 10 of this Complaint as part of the allegations of Count I.

12.     On or about December 31, 2004, M & S experienced a 70% contribution decline, thus incurring a "partial withdrawal" from the Pension Fund, pursuant to §4205(a)(1) of ERISA, 29 U.S.C. §1385(a)(1).

13.     As a result of the partial withdrawal, M & S incurred withdrawal liability to the Pension Fund in the total amount of $132,708.62, as determined pursuant to §4201(b) of ERISA, 29 U.S.C. §1381(b).

14.     On or about May 18, 2006, M & S received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with §§4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1).

15.     The notice and attached invoice notified M & S that it must discharge its withdrawal liability in 38 monthly installment payments of $3,804.58, beginning on June 1, 2006, with a final 39th payment of $542.07 due on August 1, 2009.

16.     Beginning on or about August 15, 2006, and extending through on or about January 14, 2008, M & S made installment payments to the Pension Fund against the withdrawal liability assessment, totaling $76,188.30.

17.     On or about February 20, 2008, M & S received a notice from the Pension Fund that its withdrawal liability payments were past due, pursuant to §4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A).

18.   M & S did not make any additional payments to the Pension Fund after its January 14, 2008 payment and after its receipt of the February 20, 2008 past due notice.

19.   M & S did not request review of the assessment, cannot initiate arbitration pursuant to §4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1), and has waived all challenges to the withdrawal liability assessment.

20.   Consequently, M & S is in default, and the unpaid portions of the withdrawal liability assessment demanded by the Pension Fund are now due and owing from M & S, immediately and in full, pursuant to §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

21.   The Pension Fund is also entitled to damages and other appropriate relief pursuant to §§502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(b).

**WHEREFORE,** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, as Trustee, request judgment in their favor and against Defendant M & S Transport, Inc., an Illinois corporation, and the following relief:

(a)   An award granting Plaintiffs: (1) all past due and unpaid withdrawal liability payments; (2) interest computed and charged at an annualized interest rate equal to 2% plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the 15th day of the month for which interest is charged; (3) an amount equal to the greater of interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and (4) attorney's fees and costs;

(b)   Post-judgment interest computed and charged at an annualized interest rate equal to 2% plus the prime interest rate established by Chase Manhattan Bank for the 15th day of the month for which interest is charged; and

    (c)    Such further or different relief as this Court may deem proper and just.

## COUNT II:
## 2005 PARTIAL WITHDRAWAL

22.    Plaintiffs adopt by reference the allegations of paragraphs 1 through 11 of this Complaint as part of the allegations of Count II.

23.    On or about December 31, 2005, M & S experienced a 70% contribution decline, thus incurring a "partial withdrawal" from the Pension Fund, pursuant to §4205(a)(1) of ERISA, 29 U.S.C. §1385(a)(1).

24.    As a result of the partial withdrawal, M & S incurred withdrawal liability to the Pension Fund in the total amount of $102,995.23, as determined pursuant to §4201(b) of ERISA, 29 U.S.C. §1381(b).

25.    On or about July 20, 2007, M & S received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with §§4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1).

26.    The notice and attached invoice notified M & S that it must discharge its withdrawal liability in 30 monthly installment payments of $3,608.31, beginning on August 1, 2007, with a final 31st payment of $1,973.89 due on February 1, 2010.

27.    Beginning on or about September 12, 2007, and extending through on or about January 14, 2008, M & S made installment payments to the Pension Fund against the withdrawal liability assessment, totaling $21,742.32.

28.    On or about February 20, 2008, M & S received a notice from the Pension Fund that its withdrawal liability payments were past due, pursuant to §4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A).

-6-

29. M & S did not make any additional payments to the Pension Fund after its January 14, 2008 payment and after its receipt of the February 20, 2008 past due notice.

30. M & S did not request review of the assessment, cannot initiate arbitration pursuant to §4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1), and has thus waived all challenges to the withdrawal liability assessment.

31. Consequently, M & S is in default, and the unpaid portions of the withdrawal liability assessment demanded by the Pension Fund are now due and owing from M & S, immediately and in full, pursuant to §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

32. The Pension Fund is also entitled to damages and other appropriate relief pursuant to §§502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§1132(g)(2) and 1451(b).

**WHEREFORE,** Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, as Trustee, request judgment in their favor and against Defendant M & S Transport, Inc., an Illinois corporation, and the following relief:

(a) An award granting Plaintiffs: (1) all past due and unpaid withdrawal liability payments; (2) interest computed and charged at an annualized interest rate equal to 2% plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the 15th day of the month for which interest is charged; (3) an amount equal to the greater of interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and (4) attorney's fees and costs;

(b) Post-judgment interest computed and charged at an annualized interest rate equal to 2% plus the prime interest rate established by Chase Manhattan Bank for the 15th day of the month for which interest is charged; and

(c)   Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Edward H. Bogle*

_____
Edward H. Bogle  (ARDC No. 6277152)
Attorney for Plaintiffs
Central States Funds Law Department
9377 West Higgins Road
Rosemont, Illinois 60018
(773) 407-5297, Ext. 3469
ebogle@centralstatesfunds.org

May 6, 2008

F: 261613 / 08410046

-7-