IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, as Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>M & S TRANSPORT, INC., an Illinois corporation,<br><br>Defendant. | Case No. 08 CV 2592<br><br>District Judge Der-Yeghiayan |

**JOINT INITIAL STATUS REPORT**

**NOW COME** Plaintiffs and Defendant, by their attorneys, and present this joint initial status report pursuant to the Court's standing orders. In support, the parties state as follows:

1. <u>Nature of claims and counterclaims</u>: This case is brought by Plaintiffs (a multiemployer pension plan and its designated trustee) under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001, *et seq*. Pursuant to ERISA, Plaintiffs assessed Defendant (a participating employer) with two separate partial withdrawals from their fund based upon 70% contribution declines in 2004 and 2005, and §4205(a)(1) of ERISA, 29 U.S.C. §1385(a)(1). The total withdrawal liability principal assessed for the 2004 partial was $132,708.62, and the 2005 assessment was for $102,995.23. Defendant did not request review or arbitration of these assessments. From the time this withdrawal liability was assessed through January, 2008, Plaintiffs made monthly payments against

F: 265301 / 08410046               -1-

both assessments. Defendant has made no additional payments since January, 2008, and as a result Plaintiffs contend that all unpaid portions of the withdrawal liability are due and owing immediately and in full pursuant to §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5). To date, no counterclaims or appearances are yet on file, and an answer is due until June 26, 2008.

    2.    <u>Relief sought by Plaintiffs:</u>  Plaintiffs seek all unpaid portions of the withdrawal liability assessments for the above-referenced 2004 and 2005 partial withdrawals, as well as all interest, liquidated damages, attorneys' fees, and costs pursuant to §§4219(c)(5), 502(g)(2), and 4301(b) of ERISA, 29 U.S.C. §§1399(c)(5), 1132(g)(2), and 1451(b).

    3.    <u>Names of parties not served:</u>  Defendant was personally served with summons and complaint on June 6, 2008, and there are no other parties to serve.

    4.    <u>Principal legal issues:</u>  Plaintiffs contend that the only legal issue is whether the two partial withdrawal liabilities were properly assessed, and whether, as a result of Defendant's default on the payment schedule for the assessments, the entire amounts are now due and owing along with statutory damages. Plaintiffs contend that because Defendant did not request review or arbitration of the assessments, it has waived its defenses under §4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1). At this time, Defendant does not contest Plaintiffs' statement, but reserves its rights to do so.

    5.    <u>Principal factual issues:</u>  Plaintiffs contend that there are no factual issues in dispute, and the facts alleged in the complaint cannot be contested. Note that no answer to the complaint has yet been filed (it is due by June 26, 2008), and although at this time Defendant does not contest Plaintiffs' statement, it reserves its rights to do so.

6. <u>List of pending motions:</u>  No motions are pending.

7. <u>Discovery requested and exchanged:</u>  No discovery has been requested or exchanged.

8. <u>Type of discovery needed:</u>  Plaintiffs take the position that no discovery will be necessary in this case beyond Fed. R. Civ. P. 26(a) disclosures.  As noted, Defendant failed to request review or arbitration and has therefore waived its defenses.  Since the withdrawal liability at issue has already been assessed, Defendants made partial payment against the assessment, and have since defaulted on their payments, the matter is a default proceeding based upon §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5), without the need for discovery.  At this time, Defendant does not contest Plaintiffs' position, but reserves its rights to do so.

9. <u>Proposed schedule:</u>  The parties propose that Fed. R. Civ. P. 26(a)(1) disclosures be made within seven days of the initial status conference (i.e. on or before July 1, 2008).  Any other discovery that the parties may determine is necessary should be completed by September 1, 2008.  Neither party will retain expert witnesses.  Dispositive motions should be filed on or before October 1, 2008.  If necessary, a pretrial order should be filed by December 1, 2008.

10. <u>Estimation of when the case will be ready for trial:</u>  Plaintiffs take the position that this matter will most likely be resolved on summary judgment.  At this time, Defendant does not contest Plaintiffs' position, but reserves its rights to do so.  Notwithstanding that position, the parties estimate that the case could be ready for trial by December 1, 2008.

11. <u>Probable length of trial:</u>  In the event of a trial, the parties do not anticipate that it would last in excess of two days.

12. <u>Jury trial</u>:  Because this is an ERISA action, there will be no jury trial.

13. <u>Settlement discussions</u>:  The parties have engaged in settlement discussions.  At this time, however, the parties have not reached any agreement.  The parties continue to explore and discuss the possibility of resolving this matter and, consequently, request a thirty-day continuance from the initial status conference in order to fully exhaust such settlement opportunities.

14. <u>Magistrate judge</u>:  At this time, the parties do not consent to proceed before a magistrate judge.


Respectfully submitted,                                              Respectfully submitted,


  */s/ Edward H. Bogle*                                                 */s/ Rory K. McGinty*
Edward H. Bogle                                                          Rory K. McGinty
Attorney for Plaintiffs                                                      Attorney for Defendant
Central States Funds Law Department             Law Offices of Rory K. McGinty
9377 West Higgins Road                                          5202 Washington Street, Suite 5
Rosemont, Illinois 60018                                          Downers Grove, Illinois 60515
(773) 407-5297, Ext. 3469                                       (630) 743-9907
ebogle@centralstatesfunds.org

June 19, 2008

## **CERTIFICATE OF SERVICE**

     I, Edward H. Bogle, one of the attorneys for Plaintiffs, certify that on June 19, 2008, I caused the foregoing joint initial status report to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

                                            */s/ Edward H. Bogle*
                                            Edward H. Bogle
                                            Attorney for Plaintiffs