IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND ) <br> SOUTHWEST AREAS PENSION FUND ) <br> and HOWARD MCDOUGALL, as Trustee, ) <br>     Plaintiffs,                    ) <br>     v.                                           ) <br> M&S TRANSPORT, INC.,                ) <br>     Defendant.                        ) | CASE NO. 08 CV 2592 <br><br> JUDGE: DER-YEGHIAYAN <br><br> MAGISTRATE JUDGE: KEYS |

## ANSWER TO COMPLAINT

NOW COMES Defendant, M&S TRANSPORT, INC., by its attorney, RORY K. MCGINTY, and for its Answer to the Complaint in this action, states as follows:

JURISDICTION AND VENUE

    1.     This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a partial withdrawal from the Central States, Southeast and Southwest Areas Pension Fund ("the Pension Fund"), a multiemployer pension plan.

**ANSWER**:

    Defendant admits allegations in Paragraph 1 of the Complaint.

    2.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001, et seq.

**ANSWER**:

    Defendant admits allegations in Paragraph 2 of the Complaint.

    3.     This Court has jurisdiction over this action pursuant to §§502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

**ANSWER**:

    Defendant admits allegations in Paragraph 3 of the Complaint.

    4.    Venue properly lies in this Court pursuant to §§502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), because the Pension Fund is administered from its principal place of business in Rosemont, Cook County, Illinois, and also based upon the terms of the forum selection clause in the Pension Fund's Trust Agreement.

**ANSWER**:

    Defendant admits allegations in Paragraph 4 of the Complaint.

## PARTIES

    5.    The Pension Fund is a multiemployer pension plan within the meaning of §§3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

**ANSWER**:

    Defendant admits allegations in Paragraph 5 of the Complaint.

    6.    Plaintiff Howard McDougall is a present Trustee of the Pension Fund, and he and his fellow Trustees are the plan sponsor of the Pension Fund within the meaning of §4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10).

**ANSWER**:

    Defendant admits allegations in Paragraph 6 of the Complaint.

    7.    Mr. McDougall and the Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Cook County, Illinois.

**ANSWER**:

    Defendant admits allegations in Paragraph 7 of the Complaint.

8. Pursuant to §§502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated Trustee Mr. McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

**ANSWER**:

Defendant admits allegations in Paragraph 8 of the Complaint.

9. Defendant M & S Transport, Inc. ("M & S") is an Illinois corporation, and is an "employer" and a "party-in-interest" as those terms are defined by §§3(5) and 3(14)(c) of ERISA, 29 U.S.C. §§1002(5) and 1002(14)(c).

**ANSWER**:

Defendant admits allegations in Paragraph 9 of the Complaint.

10. At all times relevant, M & S was subject to a series of collective bargaining agreements executed with Local Union No. 705 of the International Brotherhood of Teamsters, under which M & S was required to make contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER**:

Defendant admits allegations in Paragraph 10 of the Complaint.

## COUNT I
## 2004 PARTIAL WITHDRAWAL

11. Plaintiffs adopt by reference the allegations of paragraphs 1 through 10 of this Complaint as part of the allegations of Count I.

**ANSWER**:

    Defendant adopts by reference its answers to allegations in Paragraphs 1 through 10 of this Complaint as its answer to allegations in Paragraph 11 of Count I of this Complaint.

    12.    On or about December 31, 2004, M & S experienced a 70% contribution decline, thus incurring a "partial withdrawal" from the Pension Fund, pursuant to §4205(a)(1) of ERISA, 29 U.S.C. §1385(a)(1).

**ANSWER**:

    Defendant admits allegations in Paragraph 12 of Count I of the Complaint.

    13.    As a result of the partial withdrawal, M & S incurred withdrawal liability to the Pension Fund in the total amount of $132,708.62, as determined pursuant to §4201(b) of ERISA, 29 U.S.C. §1381(b).

**ANSWER**:

    Defendant admits allegations in Paragraph 13 of Count I of the Complaint.

    14.    On or about May 18, 2006, M & S received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with §§4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382 and 1399(b)(1).

**ANSWER**:

    Defendant admits allegations in Paragraph 14 of Count I of the Complaint

    15.    The notice and attached invoice notified M & S that it must discharge its withdrawal liability in 38 monthly installment payments of $3,804.58, beginning on June 1, 2006, with a final 39th payment of $542.07 due on August 1, 2009.

**ANSWER**:

    Defendant admits allegations in Paragraph 15 of Count I of the Complaint

16.    Beginning on or about August 15, 2006, and extending through on or about January 14, 2008, M & S made installment payments to the Pension Fund against the withdrawal liability assessment, totaling $76,188.30.

**ANSWER**:

    Defendant admits allegations in Paragraph 16 of Count I of the Complaint.

17.    On or about February 20, 2008, M & S received a notice from the Pension Fund that its withdrawal liability payments were past due, pursuant to §4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A).

**ANSWER**:

    Defendant admits allegations in Paragraph 17 of Count I of the Complaint.

18.    M & S did not make any additional payments to the Pension Fund after its January 14, 2008 payment and after its receipt of the February 20, 2008 past due notice.

**ANSWER**:

    Defendant admits allegations in Paragraph 18 of Count I of the Complaint.

19.    M & S did not request review of the assessment, cannot initiate arbitration pursuant to §4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1), and has waived all challenges to the withdrawal liability assessment.

**ANSWER**:

    Defendant admits allegations in Paragraph 19 of Count I of the Complaint.

20. Consequently, M & S is in default, and the unpaid portions of the withdrawal liability assessment demanded by the Pension Fund are now due and owing from M & S, immediately and in full, pursuant to §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

**ANSWER**:

Defendant admits allegations in Paragraph 20 of Count I of the Complaint.

21. The Pension Fund is also entitled to damages and other appropriate relief pursuant to §§ 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b).

**ANSWER**:

Defendant denies allegations in Paragraph 21 of the Complaint.

WHEREFORE, Defendant, M&S Transport, Inc., prays for entry of an order of this Court on Count I of the Complaint as follows:

    A. Granting only such relief as the Plaintiffs are entitled to under applicable law.

    B. Granting such other relief as this Court deems just and proper.

## COUNT II:
## 2005 PARTIAL WITHDRAWAL

22. Plaintiffs adopt by reference the allegations of paragraphs 1 through 11 of this Complaint as part of the allegations of Count II.

**ANSWER**:

Defendant adopts by reference its answers to allegations in Paragraphs 1 through 11 of this Complaint as its answer to allegations in Paragraph 22 of Count II of this Complaint.

23. On or about December 31, 2005, M & S experienced a 70% contribution decline, thus incurring a "partial withdrawal" from the Pension Fund, pursuant to §4205(a)(1) of ERISA, 29 U.S.C. §1385(a)(1).

**ANSWER**:

Defendant admits allegations in Paragraph 23 of Count II of the Complaint.

24. As a result of the partial withdrawal, M & S incurred withdrawal liability to the Pension Fund in the total amount of $102,995.23, as determined pursuant to §4201(b) of ERISA, 29 U.S.C. §1381(b).

**ANSWER**:

Defendant admits allegations in Paragraph 24 of Count II of the Complaint.

25. On or about July 20, 2007, M & S received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with §~4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §~1382 and 1399(b)(1).

**ANSWER**:

Defendant admits allegations in Paragraph 25 of Count II of the Complaint.

26. The notice and attached invoice notified M & S that it must discharge its withdrawal liability in 30 monthly installment payments of $3,608.31, beginning on August 1, 2007, with a final 31st payment of $1,973.89 due on February 1, 2010.

**ANSWER**:

Defendant admits allegations in Paragraph 26 of Count II of the Complaint.

27. Beginning on or about September 12, 2007, and extending through on or about January 14, 2008, M & S made installment payments to the Pension Fund against the withdrawal liability assessment, totaling $21,742.32.

**ANSWER**:

Defendant admits allegations in Paragraph 27 of Count II of the Complaint.

28. On or about February 20, 2008, M & S received a notice from the Pension Fund that its withdrawal liability payments were past due, pursuant to §4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A).

**ANSWER**:

Defendant admits allegations in Paragraph 28 of Count II of the Complaint.

29. M & S did not make any additional payments to the Pension Fund after its January 14, 2008 payment and after its receipt of the February 20, 2008 past due notice.

**ANSWER**:

Defendant admits allegations in Paragraph 29 of Count II of the Complaint.

30. M & S did not request review of the assessment, cannot initiate arbitration pursuant to §4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1), and has thus waived all challenges to the withdrawal liability assessment.

**ANSWER**:

Defendant admits allegations in Paragraph 30 of Count II of the Complaint.

31. Consequently, M & S is in default, and the unpaid portions of the withdrawal liability assessment demanded by the Pension Fund are now due and owing from M & S, immediately and in full, pursuant to §4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

**ANSWER**:

Defendant admits allegations in Paragraph 31 of Count II of the Complaint.

32.     The Pension Fund is also entitled to damages and other appropriate relief pursuant to §~502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §~1 132(g)(2) and 1451(b).

**ANSWER**:

Defendant denies allegations in Paragraph 32 of Count II of the Complaint.

WHEREFORE, Defendant, M&S Transport, Inc., prays for entry of an order of this Court on Count II of the Complaint as follows:

    A.    Granting only such relief as the Plaintiffs are entitled to under applicable law.

    B.    Granting such other relief as this Court deems just and proper.

Respectfully Submitted,

s/Rory K. McGinty
Attorney for M&S Transport, Inc.

Dated: June 26, 2008

Rory K. McGinty
Law Offices of Rory K. McGinty, P.C.
5202 Washington, Ste. 5
Downers Grove, Il 60515
Phone 630-743-9907
Fax 630-743-9910
email lorkmpc@att.net
ARDC No. 6196929

**CERTIFICATE OF SERVICE**

   The undersigned, an attorney, hereby certifies that on June 26, 2008, copies of the foregoing Answer was served on each person indicated below electronically via the Court's Electronic Filing System,


s/Rory K. McGinty

<u>Served On</u>:
CENTRAL STATES, SOUTHEAST AND SOUTHWEST PENSION FUND and HOWARD MCDOUGALL, as Trustee

Mr. Edward H. Bogle
Central States Funds
9377 W. Higgins Rd.
Rosemont, IL 60018-4938
Phone (847)518-9800 Ext. 3469
Fax (847)518-9797
Email ebogle@centralstatesfunds.org

Mr. Brad R. Berliner
Central States Law Department
9377 W. Higgins Rd., 10th Floor
Rosemont, IL 60018-5123
Phone (847)518-9800
Email bberliner@centralstates.org

Mr. Charles H. Lee
Central States Law Department
9377 W. Higgins Rd., 10th Floor
Rosemont, IL 60018-5123
Phone (847)518-9800 Ext. 3468
Email chlee@centralstates.org

Mr. John Joseph Franczyk, Jr.
Central States Law Department
9377 W. Higgins Rd., 10th Floor
Rosemont, IL 60018-5123
Phone (847)518-9800
Email jfranczyk@centralstates.org